United States District Court
<u>Southern District of New York</u>
Byron K. Brown
    Plaintiff

    Vs

Anthony Annucci, Commissioner
NYS DOCCS, C. Nixon, B. Joseph,
John Doe, John Doe
    Defendants

Amended Complaint under the
Civil Rights Act,
42 U.S.C. §1983

Jury Trial: Yes
Case No:1:23-CV-0656(LTS)
UA Byron K. Brown



I. Parties in this complaint:

A) Byron K. Brown
   Sing Sing Correctional Facility
   354 Hunter street
   Ossining, NY, 10562

B) Defendant No. 1
   Anthony Annucci
   Commissioner, NYS DOCCS
   The Harriman State Campus
   Albany, Ny, 12226-2050

Defendant No. 2
Capt. C. Nixon
Sing Sing C.F.
354 Hunter Street
Ossining, NY, 10562

Defendant No. 3
Sgt. B. Joseph
Sing Sing C.F.
354 Hunter Street
Ossining, NY, 10562

Defendant No. 4
John Doe
Sing Sing C.F.
354 Hunter Street
Ossining, NY, 10562

Defendant No. 5
John Doe
Sing Sing C.F.
354 Hunter Street
Ossining, NY, 10562

    Anthony Annucci is sued in his official capacity; Captain C. Nixon, Correctional Sgt. B. Joseph, John Doe, and John Doe, are sued in their individual capacities. The following is a state prisoner complaint, and therefore alleges that defendants acted under the color state law.

1

## Introduction

This is a civil rights action filed by Plaintiff Byron K. Brown, a state prisoner for damages and declaratory relief under 42 U.S.C. §1983, 2000 cc-1(a) & 2000 cc-5 (4)(a), alleging violations of his constitutional and statutory rights to free exercise of Islam and to be free from establishment of "religious bias", and the denial of congregational worship "Jumah Prayer Service" in violations of the First Amendment to the United States Constitution, and the Equal Protection Clause of the Fourteenth Amendment. The Plaintiff also alleges that defendants have substantially burdened the rights to freely exercise his religion in violations of the Religion Land Use and Institutionalize Person Act of 2000 ("RLUIPA").

## Jurisdiction

1. The Court has jurisdiction over the plaintiff claim of violations of federal and statutory constitutional rights under 42 U.S.C. §1333 (1), 1343, 2000 CC-1(a), 2000 CC-5 (4)(A).

## Parties

2. The plaintiff, Byron K. Brown, was incarcerated at Sing Sing C.F. (Sing Sing) during the events described in this complaint.

3. Defendant Anthony Annucci is the commissioner of NYS DOCCS and is responsible for all of NY correctional facilities. He is sued in his official capacities.

4. Defendant B. Joseph, is a Correctional Sergeant, and is in charge of supervision of correctional staff at Sing Sing. He is sued in his individual capacities.

5. Defendant John Doe, is a Correctional Officer employed at Sing Sing who worked the 7am - 3pm shift at Housing Block A, Officer in Charge (OIC), on April 14, 2023. He/she is sued in his/her individual capacities. Whose name is presently unknown to plaintiff.

6. Defendant John Doe, is a Correctional Officer employed at Sing Sing who worked the 7am - 3pm shift at Housing Block A, assigned to work as the "Jumah Service" escorting officer. Whose name is presently unknown to plaintiff. He/She is sued in his/her individual capacities.

II. Statement of Claim:

A) In what institution did the events give rise to your claim(s) occur? Sing Sing Correctional Facility.

B) Where in the institution did the events giving rise to your claim(s) occur? Housing Block A and Housing Block Building 7 prisoners was denied congregational services, i.e. (Jumah, NOI, & Rastafarian).

C) What date and approximately time did the events giving rise to your claim(s) occur? April 14, 2023, at approx between 11am-1pm

D) Facts: There was upwards to well over two-hundred prisoners who had been intentionally denied their constitutional rights to attend religious services from both housing units.

3

7. On the morning of April 14, 2023, at approx 9:00-9:30am, Correctional Officer Camron, HBA-N-Gallery, A Officer, had stopped at plaintiff's cell#17 location.

8. Correctional Officer Camron, stated to me prisoner Byron K. Brown, "I am letting you out for a shower so get your stuff, and be ready to go.'

9. Correctional Officer Camron, shortly thereafter, open my cell HBA-N-Gallery, Cell #17, and I Plaintiff Byron K. Brown, had exited my cell and proceed to the shower area, on N-Gallery.

10. Once, I had finished showering I had went back to my cell, and began preparing to attend the "Jumah" prayer service that would be conducted later on at approximately 1:00 p.m., in the Sing Sing Chapel area.

11. At approximately 11:00 a.m., during the HBA-N-Gallery day to day rounds, I Byron K. Brown had requested to attend the "Jumah" prayer service call-out.

12. Now, according to the HBA "radio" morning public announcement address, Sing Sing Correctional Facility operational producers for today will be conducted on a holiday schedule.

13. The Housing Block A, announcement was made by the Housing Block A, officer in charge, whose identity and name is unknown to plaintiff at this time.

4

14. The Sing Sing Correctional Facility procedure had been imposed to afford prison personnel to attend their former colleagues' memorial service.

15. NYS DOCCS had certain procedural mechanism in place to afford prisoners' their Federal and NYS constitutional rights, in accordance to the Religious Freedom Restoration Act (RFRA), Religious Land Use and Institutionalize Person Act, the First & Eighth Amendment, and State Law.

16. Therefore, I, Byron K. Brown, had filed a grievance dated April 20, 2023, in which gave notice to prison officials that myself and other prisoners were denied our constitutional rights housed in A-Block from attending any religious services i.e., Jumah, NOI, and Rastafarian, conducted on April 14, 2023, held in the Sing sing Correctional Facility Chapel area.

17. I, Byron K. Brown, have been a NYS DOCCS registered Muslim at Downstate Correctional facility both times in 1995, and 1997, who actively participates in every religious fast during the "Holy Month Ramadan", attends "Jumah" weekly, and Islamic classes regularly during my approximately 27 years of incarceration.

18. At approximately 6:00 pm, during the same day of April 14, 2023, I had went to the Sing Sing Chapel, Masjid area, and I learned prioners Housed in 7-Building experienced the same set of facts or similar circumstances as prisoners Housed in A Block related to the

denial of services i.e. Jumah, NOI, and Rastafarian held in Sing Sing chapel area.

19. Therefore, I am filing this 42 U.S.C. §1983 complaint due to I was denied my constitutional rights of attending the "Jumah" prayer service conducted on April 14, 2023, during the "Holy month of Ramadan" held in the chapel area of Sing Sing.

20. Housing Block "A", security personnel intentionally breached their constitutional duties by not allowing me to attend my religious services.

21. The plaintiff housed in Housing Block "A" along with other prisoners' housed in "7-building" was treated differently than prisoners' housed in Housing Block "B" and Housed in "5-building", those prisoners were afforded their constitutional rights of attending the above noted religious held services, held on April 14, 2023, in the Sing Sing chapel area.

III. Injuries:

If you sustained injuries related to the event alleged above describe them and state what medical treatment, if any, you required and received.

22. The plaintiff did not receive any injuries, i.e., (physical nor mental or emotional) only constitutional violations or injuries.

IV. Exhaustion of Administrative Remedies

The Prisoner Litigation Reform Act of 1995, 42 United States Constitution §1997 (a) required that "[N]o action shall be brought

6

with respect to prison conditions under section 1983 of this title, or other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

A) Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes [x]    No [ ]

B) Does the jail, prison, or other correctional facility where your claim(s) have a grievance procedure?

Yes [x]    No [ ]    Do not know [ ]

C) Does the grievance procedure at the Jail, Prison, or other correctional facility where your claim(s) arose cover some of all your claim(s)?

Yes [x]    No [ ]    Do not know [ ]

If, yes, which claim(s)? First amendment, Free exercise of religion, Eight amendment Equal protection clause, and Religious Land Use and Institutionalize Persons Act.

D) Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose not cover some or all your claim(s)?

Yes [x]    No [ ]    Do not know [ ]

E) Did you file a grievance at the jail, prison, or other correctional facility where you claim(s) arose?

Yes [x]    No [ ]

7

If, no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes [x]   No [ ]

F) If you did file a grievance about the events describe in this complaint where did you file the grievance? Sing Sing Correctional Facility.

1. Which claim(s) in this complaint did you grieve?

See exhibit A-V

2. What was the results, if any? Plaintiff's complaint was consolidated along with other plaintiffs' grievances pursuant to Title 7 NYCRR §701.5 procedure; (a)(3). An Inmate grievance resolution hearing was held on May 18, 2023, and the facility investigation of the complaint revealed that Correctional Sergeant B. Joseph, had intentionally breached his constitutional duties.

3. What steps if any did you take to appeal that decision?

Describe all efforts to appeal to the highest level of the grievance process.

Plaintiff had appealed the Inmate Grievance Resolution Committee hearing determination to the superintendent. The superintendent had issued a written decision within (25) days as required by state law. Plaintiff then appealed the decision to the Central Office Review Committee (CORC).

8

G) If you did not file a grievance, did you inform any officials of your claim(s)?

If, yes, whom did you inform and when did you inform them?

If, no, why not?

4. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. I had submitted three letters of appeals dated May 12, May 26, and June 9, 2023, in which the grievance appealed to the Superintendent's Office and then to the Central Office Review Committee, in Albany, New York.

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies, i.e. see Plaintiff's (Exhibits A-V, 21 pages).

23. The Plaintiff Byron K. Brown, has exhausted all of his available administrative remedies with respect to all claims and all Defendants.

V. Relief: State what you want the court to do for you.

Award compensatory and punitive damages as well declaration.

24. The failure of Defendant Anthony Annucci to take disciplinary or other action to curb the known patterns of denying prisoners' free exercise of religion by the Defendant(s), C. Nixon, B. Joseph, John Doe, and John Doe, constituted deliberate indifference to the plaintiff, and other prisoners' religious practices contributed to approximately cause the above describe violations of the First, Fifth, and Fourteenth Amendment to the

9

United States Constitution, and the Religious Land Use and Institutionalize Person Act.

25. The actions of Defendants C. Nixon, B. Joseph, John Doe, and John Doe, had failed to act on, and/or following NYS DOCCS "protocols," and/or following the emailed instructions, in which were issued by Capt. C. Nixon. Also, Defendant B. Joseph, falsifying reports, had denied the plaintiff and other prisoner's free exercise of religion, and the Religious Land Use and Institutionalize Person Act in violation of clearly established constitutional, and statutory laws under the United States Constitution.

26. The actions of the Defendant(s), C. Nixon, B. Joseph, John Doe, and John Doe, had failed to act on, and/or following NYS DOCCS "protocol," and/or following the emailed instructions, in which were issued by Capt. C. Nixon. Also, Defendant B. Joseph, falsifying reports, had denied the plaintiff and other prisoners' Equal Protection of the law in violation of the Fifth and Fourteenth Amendment to the United States Constitution.

Wherefore, the plaintiff requests that the court grant the following relief:

A) Issue a declaratory judgment stating that:

1. Defendant Anthony Annucci, who failed to take action to curb known patterns of denying free exercise of prisoners' religion violated the plaintiffs rights under the First, Fifth, and Fourteenth

Amendment to the United States Constitution and the Religious Land Use and Institutionalize Person Act.

B) Award compensatory damages in the following amounts:

1. $100,000.00 dollars, jointly and severally against Defendant C. Nixon, B. Joseph, John Doe, and John Doe for denial of plaintiffs' right under the First, Fifth, and Fourteenth Amendment to the United States Constitution and Religious Land Use and Institutionalize Person Act.

C) Award Punitive damages in the following amounts:

1. $50,000.00 dollars, each against Defendant C. Nixon, Joseph, John Doe, and John Doe.

VI. Previous Lawsuits:

A. Have you filed other lawsuits in state of federal court dealing with the same facts involved in this action? Yes [X] No [ ]

B. If, your answer to A is Yes, describe each lawsuit in questions 1 through 7. (if there's more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format).

1. Parties to this previous lawsuit:

Plaintiff: Byron K. Brown

Defendant: THE STATE OF NEW YORK

2. Court I (if federal court, name the district; if state, New York, name county) Albany County, New York Court of Claims, under the

First, Fifth, and Fourteenth Amendment to the United States Constitution and New York State Constitution.

3. Docket or Index Number:

4. Name of Judge assigned to your case:

5. Approximate date of filing lawsuits:

6. Is the case still pending? Yes [x]   No [ ]

7. What was the result of the case? (for example: was the case dismissed? Was there a judgment in your favor? Was the case appealed?) The Notice of Intention and Claim have been filed in the State Court, and served upon the New York's Attorney General Office, on _____.

D. Have you filed other lawsuits in the state or federal court otherwise relating to your imprisonment?

E. If, your answer to D is yes, describe each lawsuit in question 1 through 7.

1. Parties to this previous lawsuit:

Plaintiffs: Byron K. Brown, et. al.,

Defendants: Anthony Annucci, et. al.,

2. Court I (if federal court, name the district S.D.N.Y.; if state, name county) the First, Fifth, and Fourteenth Amendment to the United States Constitution, and Federal Statutory Laws ("RLUIPA").

3. Docket or Index Number: Case No:1:23-CV-0656(LTS)

4. Name of Judge assigned to your case: Judge Laura Taylor Swain

5. Approximate date of filing lawsuits: 07/13/23

12

6. Is the case still pending? Yes [x] No [ ]

7. what was the result of the case? (for example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?).

The case is still pending.

Signed this \_1\_ day of Supt, 20 23. I declare under the penalty of perjury that the foregoing is true and correct.

Signature of Plaintiff _[signature]_

Inmate: Byron k. Brown 98A2129
Mailing Address: Sing Sing C.F.
354 Hunter Street
Ossining, NY, 10562

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under the penalty of perjury that on this \_1\_ day of Supt, 2023. I deliver this complaint to prison authorities to be mailed to the Pro Se Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff _[signature]_